

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

April 28, 1969

Dr. J. E. Peavy
Commissioner of Health
State Department of Health
Austin, Texas

Opinion No. M-383

Re: Whether the provisions of
Article 165-3a, V.C.S.,
governing regulation and
importation of grade "A"
milk are applicable to the
regulation and importation
of cream and other milk
products.

Dear Dr. Peavy:

Your request for the opinion of this office presents the following question for consideration:

"Do the provisions of Article 165-3a, relating to the regulation of the importation of grade 'A' pasteurized milk and/or grade 'A' raw milk for pasteurization, include and apply to the regulation of the importation of cream and other milk products?"

The "Texas Equal Health Standard Milk Sanitation Act of 1961" is embodied in Article 165-3a, Vernon's Civil Statutes, to which your inquiry is directed. Section 2 of same sets out the declaration of purpose of the act in these words:

"The purpose of this Act is to utilize effectively existing agencies and departments in regulating, processing, and distributing milk and milk products to the end that Texas consumers will be assured of a full supply of wholesome, high quality milk, cream, and milk products by requiring that all Grade 'A' pasteurized milk and/or Grade 'A' raw milk for pasteurization shipped into Texas

be produced under rules, regulations, and
statutes providing standards as high as or
higher than those provided by the Texas Milk
Grading and Labeling Law, Chapter 172 (codified
as Article 165-3, Vernon's Annotated Civil
Statutes), Acts of the 45th Legislature, Regular
Session, 1937, as amended, and any other statutes,
rules, and regulations governing the production of
milk in Texas." (Emphasis added.)

Referring especially to the underlined portions of the
foregoing provision, the clear purpose of the act is to help
provide Texas consumers with "wholesome, high quality milk,
cream, and milk products." The language is equally clear in
stating that this purpose is to be carried out by regulating
"all Grade 'A' pasteurized milk and/or Grade 'A' raw milk
for pasteurization shipped into Texas," but not by regulating
cream and other milk products shipped into Texas.

Section 2 of Article 165-3a consists of one sentence.
In the first part of said sentence, wherein the purpose of
the act is set out, milk and milk products are spoken of
conjunctively. However, when the method of implementing the
ascribed purpose is stated, the Legislature addressed itself
only to "Grade 'A' milk and/or Grade 'A' raw milk for
pasteurization," thereby disjoining cream and milk products
from the list of items to be regulated by the act.

Further, in Section 3 of Article 165-3a, wherein the
standards to be followed, and provisions for inspection, are
set out, the phrase "Grade 'A' pasteurized milk and/or
Grade 'A' raw milk for pasteurization" is used repeatedly
without any mention of cream or milk products.

In light of the foregoing, and consistent with the hold-
ing in Attorney General's Opinion No. M-320 (1968), it is
the opinion of this office that Article 165-3a does not include
and apply to the regulation of the importation of cream and
other milk products.

## S U M M A R Y

Article 165-3a, V.C.S., which governs inspection of "Grade 'A' pasteurized milk and/or Grade 'A' raw milk for pasteurization" to be shipped into Texas, does not regulate cream and other milk products shipped into Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Corbusier
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman

Malcolm L. Quick
Thomas Mack
Joseph H. Sharpley
Jo Betsy Lewallen

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant